**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

EDWIN GARCIA SMITH,

    Petitioner,

v.                                              CASE NO.  8:13-cv-2400-T-30TBM
                                                  CRIMINAL CASE NO. 8:12-cr-97-T-30TBM

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

Before the Court is Petitioner's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (CV Dkt. 5).  Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ."  *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980) (The summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief."); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant

is not entitled to relief.'") (quoting Rule 4, Rules Governing Section 2255 Cases). After a preliminary review, the Court concludes that the amended § 2255 motion should be denied.

## BACKGROUND

Petitioner and his co-defendants were indicted in a two-count Indictment charging violations of the Maritime Drug Law Enforcement Act (MDLEA), Title 46, U.S.C., Sections 70503(a) and 70506(a) and (b) (CR Dkt. 1). Count One charged that Petitioner and his co-defendants conspired to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. Count Two charged that Petitioner aided and abetted his co-defendants in the possession with intent to distribute five kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States.

On April 13, 2012, the United States filed a "Plea Agreement" which had been executed by Petitioner (CR Dkt. 17). Petitioner admitted the following in the Factual Basis section of the Plea Agreement:

> On March 2, 2012, the defendant, Edwin Garcia Smith, along with two co-defendants, was aboard a "go-fast vessel" (GFV) encountered by U.S. Coast Guard cutter CONFIDENCE in international waters of the Caribbean Sea. The CONFIDENCE was guided to the defendants' GFV by a United States aircraft, which first spotted the GFV and observed the defendants jettisoning numerous packages into the water.
>
> When asked by Coast Guard officers from CONFIDENCE, none of the defendants claimed to be the master of the vessel and none made a claim of nationality for the vessel. The GFV was, therefore, a stateless vessel subject to the jurisdiction of the United States. The defendant was the captain of the GFV.

> The defendant, along with his co-defendants, was later transported to the United States, first arriving in the Middle District of Florida.
>
> In a post-arrest interview, after being advised of his <u>Miranda</u> rights, the defendant admitted that: the packages jettisoned from the GFV contained cocaine (in excess of 5 kilograms) and marijuana; the defendant had taken part in the smuggling venture knowing that it was for the purpose of smuggling illegal drugs; the defendant received an up-front payment for the venture; and the defendant had hired his co-defendants to participate in the venture.

(CR Dkt. 17, ¶ 9, p. 17).

On April 25, 2012, Petitioner entered his guilty plea pursuant to the Plea Agreement (CR Dkts. 23, 76). Once again, at that hearing, Petitioner accepted the factual basis underlying his guilty plea as stated in the Plea Agreement (CR Dkt. 76, pp. 24-25). On September 27, 2012, Petitioner was sentenced to 135 months incarceration, to be followed by 5 years supervised release (CR Dkts. 67, 69). Petitioner did not file a direct appeal.

Petitioner filed the instant § 2255 motion claiming that the Court lacked jurisdiction to adjudicate his case because he was arrested in the territorial waters of Columbia. He also claims that there were no illegal drugs on board the vessel.

## DISCUSSION

The amended § 2255 motion relies on *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012). In *Bellaizac-Hurtado*, the Eleventh Circuit ruled that the Maritime Drug Law Enforcement Act, 46 U.S.C. § 70503(a), et. seq., was unconstitutional as applied to the drug-trafficking activities of the defendants in that case, which occurred in the territorial waters of Panama. *Id*. at 1258. The Eleventh Circuit held that "Congress exceeded

3

its power, under the Offences Clause [of the U.S. Constitution] when it proscribed the defendants' [drug trafficking] conduct in the territorial waters of Panama." *Id*.

The instant case is distinguishable from *Bellaizac-Hurtado* because Petitioner was on board a vessel in international waters when taken into custody (CR Dkt. 17). In his amended § 2255 motion, Petitioner states that he was apprehended in the territorial waters of Columbia. But, this is contrary to Petitioner's own admissions in his plea agreement: "[o]n March 2, 2012, the defendant, Edwin Garcia Smith, along with two co-defendants, was aboard a "go-fast vessel" (GFV) encountered by U.S. Coast Guard cutter CONFIDENCE in international waters of the Caribbean Sea." (Id.). Petitioner will not now be heard to refute his admissions to the Court.

With regard to Petitioner's allegation in his § 2255 motion that there were no drugs aboard his vessel, Petitioner will likewise not be heard to refute his admission to the Court that the packages thrown overboard from the vessel contained cocaine (in excess of 5 kilograms) and marijuana (CR Dkts. 17, 76).[1]

Accordingly, the Court **ORDERS** that Petitioner's amended motion to vacate (Dkt. 5) is **DENIED**. The Clerk is directed to enter judgment against Petitioner and to close this case. The Clerk shall also terminate from pending status the amended § 2255 motion (CR Dkt. 104) filed in the corresponding criminal case number 8:12-CR-97-T-30TBM.

---

[1]The Court notes that Petitioner does not challenge the validity of the plea or plea agreement. The Court is permitted to make a strong presumption of truth regarding statements made by a defendant during a plea colloquy. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). Petitioner has not offered any reason to disregard his sworn statements during the plea colloquy (CR Dkt. 76, pp. 24-25). *See United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988) (defendant has burden to show statements under oath at plea colloquy were false).

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

The Court declines to issue a certificate of appealability because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Nor will the Court authorize the Petitioner to proceed on appeal *in forma pauperis* because such an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3). Petitioner shall be required to pay the full amount of the appellate filing fee pursuant to § 1915(b)(1) and (2).

**DONE** and **ORDERED** in Tampa, Florida on October 17, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner, *pro se*
        Counsel of Record