**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

**v.**                                     **Case No. 8:12-cr-97-T-30TBM**

**EDWIN GARCIA SMITH,**

       **Defendant.**

_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Defendant's **Motion and Declaration Under Penalty of Perjury in Support of Motion to Proceed In Forma Pauperis [on Appeal]** (Doc. 144).  Defendant has filed a Notice of Appeal (Doc. 142) of the Court's Order (Doc. 138) denying his Motion to Modify/Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2), 28 U.S.C. § 994(g), and 2D1.1 of the United States Sentencing Guidelines (Doc. 116) in light of Amendment 782 to the Sentencing Guidelines.  The government has not yet filed a response.  As explained below, I recommend that the Motion be denied.

## I.

Rule 24 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1915 govern the determination of applications to proceed *in forma pauperis* on appeal.  *See Ex parte Chayoon*, 2007 WL 1099088, No. 6:06-cv-1812-Orl-19JGG (M.D. Fla. Apr. 10, 2007).  Rule 24(a) of the Rules of Appellate Procedure provides in part:

> **(1) Motion in the District Court**.  Except as stated in Rule 24(a)(3), a party to a district-court action who desires to

appeal in forma pauperis must file a motion in the district court.  The party must attach an affidavit that:

**(A)**     shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;

**(B)**     claims an entitlement to redress; and

**(C)**     states the issues that the party intends to present on appeal.

**(2) Action on the Motion**.  If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise.  If the district court denies the motion, it must state its reasons in writing.

**(3) Prior Approval**.  A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:

**(A)**     the district court – before or after the notice of appeal is filed – certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding, or

**(B)**     a statute provides otherwise.

Fed. R. App. P. 24(a).  Similarly, § 1915 provides, in pertinent part:

[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

2

***

> An appeal may not be taken in forma pauperis if the trial
> court certifies in writing that it is not taken in good faith.

28 U.S.C. § 1915(a)(1), (3).  Thus, two requirements must be satisfied for a party to prosecute

an appeal *in forma pauperis*: (1) the party must show an inability to pay (or that the party

previously was permitted to proceed in forma pauperis), and (2) the appeal must be brought in

good faith.

## II.

A brief overview of the course of proceedings is useful.  Defendant was indicted for

conspiring to possess with intent to distribute five kilograms or more of cocaine (Count I) and

for possession with intent to distribute five kilograms or more of cocaine (Count II) while on

board a vessel subject to the jurisdiction of the United States.  (Doc. 1).  In April 2012, he

pleaded guilty to Count I of the Indictment.  (Doc. 26).  On September 27, 2012, Defendant

was sentenced to 135 months incarceration on that charge and Count II was dismissed.

(Docs. 67-69).

In November 2014 and August 2015, subsequent to the adoption of U.S.S.G.

Amendment 782, Defendant filed his Amendment 782 motions.[1]  (Docs. 111, 116).  The

Federal Defenders Office ("FDO") was appointed to assist him.  (Doc. 112).  In accordance

with the practice in this district, the U.S. Probation Office submitted a memorandum wherein

it concluded that Defendant was ineligible for a sentencing reduction under Amendment 782

because the drug quantity table remained the same despite the amendment.  (Doc. 134).  On

---

[1]The first motion was terminated as moot after the second motion was filed.  (Doc.
117).

November 15, 2016, the FDO filed its Notice stating that based upon its diligent and thorough review of the record, it could not in good faith argue that Defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 782 because the amendment does not have the effect of lowering Defendant's base offense level. (Doc. 136). The Court agreed and denied Defendant's motion.[2] (Doc. 138). On November 28, 2016, Defendant filed his notice of appeal of that Order. (Doc. 142).

### III.

Defendant fails to satisfy the two requirements to prosecute an appeal *in forma pauperis*.[3]

First, Defendant fails to clearly and adequately demonstrate that he is indigent. In his Motion, Defendant states he is unable to prepay fees or costs because he is incarcerated and his only source of income is the $43.00 a month he earns by working in the prison kitchen. In support, he includes the follow statement in the Motion – "I, M. Odom (Case Manager) certify that Mr. Edwin Garcia Smith as a kitchen employee of this institution ear the sum of $43.00 a month." Defendant provides no further information. This is problematic on a number of grounds. Most notably, Defendant fails to comply with Federal Rule of Appellate Procedure 24 because he did not attach an affidavit to his Motion. Nor does he otherwise show in the detail prescribed by Form 4 of the Appendix of Forms his inability to pay. And, contrary to its caption, the Motion does not include any declaration made under

---

[2]Defendant filed another such motion on November 17, 2016, which was denied for the same reasons. (Docs. 139, 140).

[3]For this reason, a response from the government is unnecessary.

penalty of perjury.  Lastly, Defendant also fails to comply with the requirements of 28 U.S.C.

§ 1915 because he did not attach to the Motion or otherwise submit "a certified copy of the

trust fund account statement (or institutional equivalent) for the prisoner for the 6-month

period immediately preceding the filing of the . . . notice of appeal, obtained from the

appropriate official of each prison at which the prisoner is or was confined."[4]  *See* 28 U.S.C. §

1915(a)(2).

Second, and more importantly, Defendant fails to demonstrate that the appeal is

brought in good faith.  Construed liberally,[5] any basis for appeal appears frivolous and

therefore the appeal is not brought in good faith.[6]  Here, Defendant asserts no arguable, good

faith basis to appeal the Court's Order denying his Amendment 782 motion.  Upon

application, Amendment 782 does not have the effect of lowering Defendant's base offense

level.  Defendant makes no attempt at demonstrating that it does or that he is otherwise

qualified for such reduction.  Accordingly, a reduction in the term of imprisonment is not

authorized under 18 U.S.C. § 3582(c)(2) and U.S.S.G. §1B1.10.

---

[4]While a defendant is normally given the opportunity to cure deficiencies such as these, as explained next, allowing that in this case would not yield a different result because Defendant fails to demonstrate a non-frivolous basis for appeal.

[5]The Court should liberally construe *pro se* pleadings and hold them to a less stringent standard than pleadings drafted by attorneys.  *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)).

[6]Good faith is demonstrated by seeking appellate review of any issue that is not frivolous when judged under an objective standard.  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).  An issue is frivolous when it appears that the legal theories are "indisputably meritless"and/or its factual contentions are "clearly baseless."  *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

**IV.**

For the reasons stated above, I **RECOMMEND** that the Court **DENY** Defendant's **Motion and Declaration Under Penalty of Perjury in Support of Motion to Proceed In Forma Pauperis [on Appeal]** (Doc. 144) on grounds that the appeal is frivolous and certify that the appeal is therefore not taken in good faith.  I **RECOMMEND** further that the Clerk be directed to notify the Court of Appeals of the above ruling in accordance with Rule 24(a)(4) of the Federal Rules of Appellate Procedure.

Respectfully submitted this
20th day of December 2016.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE TO PARTIES</u>**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
United States District Judge, James S. Moody
Counsel of Record
Edwin Garcia Smith, Reg. No. 56307-018, CI Adams County Correctional Institution, P.O. Box 1600, Washington, MS 39190